



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

FEB 1 4 2023

**FRANK SKINNER** individually,
at **FCI Forrest City-Low**
Plaintiff-Petitioner

**V.**

**UNITED STATES OF AMERICA; et al.**
**John P. Yates** in his capacity as
**Warden of FCC Forrest City;**

**TOMAR** in her capacity as
The Prison Health Services Administrator
at **FCC Forrest City- Low;**

**T. Smith** in her capacity as
The Prison Assistance Health Services Administrator
at **FCC Forrest City-Low;**

**Nwannem Obi-Okoye** in her capacity as Medical Doctor (MD)
at **FCC Forrest City- Low;**

**Rosemary Stile** in her capacity as NP
at **FCC Forrest City-Low; and**

**Unknown Name(S)** Captain and/or
**SUCCESSOR Edwin A. Baez** in his capacity as
Complex Captain at **FCC Forrest City Complex**
Defendant-Respondent

Case No.: 2:23-cv-00034-BSM-PSH

This case is assigned to District Judge **Miller**
and to Magistrate Judge **Harris**

## COMPLAINT CLASS ACTION FOR DECLARATORY
## AND INJUNCTIVE RELIEF WITH JURY DEMAND

### I. INTRODUCTION

This is a civil rights action filed by Frank Skinner, a federal prisoner, for damages and injunctive relief

***Bivens v. Six Un-known Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)***, alleging

negligence in a schedule surgery and denial of adequate medical care in violation of the Eighth

Amendment to the United States Constitution. I move this Honorable Court to liberally construe this

instant motion.

1

**List of defendants:**

1. John P. Yates : Warden: An employee with the Federal Bureau of Prisons through FCC Forrest City: 1400 Dale Bumpers Rd.; Forrest City, Arkansas, 72336

2. TOMAR: HSA: An employee with the Federal Bureau of Prisons through FCC Forrest City: 1400 Dale Bumpers Rd.; Forrest City, Arkansas, 72336

3. T. Smith: AHSA: An employee with the Federal Bureau of Prisons through FCC Forrest City: 1400 Dale Bumpers Rd.; Forrest City, Arkansas, 72336

4. Nwannem Obi-Okoye: MD: An employee with the Federal Bureau of Prisons through FCC Forrest City: 1400 Dale Bumpers Rd.; Forrest City, Arkansas, 72336

5. Rosemary Stile: NP: An employee with the Federal Bureau of Prisons through FCC Forrest City: 1400 Dale Bumpers Rd.; Forrest City, Arkansas, 72336

6. Unknown Name(S) SUCCESSOR Edwin A. Baez: Captain: An employee with the Federal Bureau of Prisons through FCC Forrest City: 1400 Dale Bumpers Rd.; Forrest City, Arkansas, 72336

## II. JURISDICTION

This Court has Jurisdiction over the plaintiff's claim of violation of Federal Constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).*

## III. PARTIES

1. The plaintiff, Frank Skinner, is incarcerated at Forrest City-Low ("Forrest City") during the events described in this complaint. Pro se, representing himself as follows:

This action is being brought before this court for the violation of Plaintiffs constitutional rights, under the Eighth Amendment of the United States Constitution, for the unconstitutional treatment that plaintiff has been subjected to while in the custody of the Federal Bureau of Prisons, under the direct care of the Federal Correctional Institution at Forrest City-Low. Plaintiff seeks compensatory and punitive damages in an amount to be determined and proven at trial.

**Parties:**

2. Defendants John P. Yates, Tomar, T. Smith, Nwannem Obi-Okoye, and Rosemary Stiles are employed at Forrest City Federal Prison. They are sued in their individual and official capacity.

3. **Defendant John P. Yates, (Warden),** for the Federal Correctional Facility at Forrest City Complex, which is operated by the Federal Bureau of Prisons, under the Department of Justice of the United States of America.

Defendant is being sued in his individual capacity for his actions preformed in his official capacity; that is Participation in the negligent management which he is responsible for reviewing all administrative remedies.

4. **Defendant Tomar (CD/HSA/AHSA),** is The Prison Health Services Administrator at the Federal Correctional Facility at Forrest City-Low, which is operated by the Federal Bureau of Prisons, under the Department of Justice of the United States of America.

Defendant is being sued in her individual capacity for actions performed in his official capacity; he is generally responsible for ensuring provision of medical adequate care to prisoners and specifically for scheduling medical appointments outside the prison when a prisoner needs specialized treatment or evaluation, which that is participation in the negligent management.

2

5. **Defendant Smith (HS ASSITANCE),** is The Prison Health Services Administrator at the Federal Correctional Facility at Forrest City-Low, which is operated by the Federal Bureau of Prisons, under the Department of Justice of the United States of America.

Defendant is being sued in her individual capacity for actions performed in his official capacity; he is generally responsible for ensuring provision of medical adequate care to prisoners and specifically for scheduling medical appointments outside the prison when a prisoner needs specialized treatment or evaluation, which that is participation in the negligent management.

6. **Defendant Obi-Okoye (M.D.),** is the Prison Medical Doctor at the Federal Correctional Facility at Forrest City-Low, which is operated by the Federal Bureau of Prisons, under the Department of Justice of the United States of America.

Defendant is being sued in her individual capacity for actions performed in her official capacity; in that, she fail to promulgate procedures whereby Plaintiff could receive adequate medical treatment in accordance with the proper standard care as provided pursuant to Arkansas Law; and in accordance with Plaintiffs constitutional rights pursuant to the United States Federal Constitution. She also had Participation in the negligent management of medical care.

7. **Defendant Stiles (N.P.),** is the Prison Nurse Practitioner at the Federal Correctional Facility at Forrest City-low, which is operated by the Federal Bureau of Prisons, under the Department of Justice of the United States of America.

Defendant is being sued in her individual capacity; in that, she fail to promulgate procedures whereby Plaintiff could receive adequate medical treatment in accordance with the proper standard care as provided pursuant to Arkansas Law; and in accordance with Plaintiffs constitutional rights pursuant to the United States Federal Constitution. She also had participation in the negligent management of medical care.

8. **Unknown Captain and successor Edwin A. Baez (Captain),** is and at all times relevant to this litigation, is the acting Complex Captain for the Administration Department at FCC Forrest City-Low; located in Forrest City Arkansas; which is operated by the Federal Bureau of Prisons, under the Department of Justice of the United States of America.

3

Defendants is being sued in their individual capacity and official capacity for actions performed in their official capacity; that is in his participation in the negligent management of adequate medical care. Defendant is over the transportation of prisoners which he failed to do.

9. All the defendant have acted, and continue to act, under color of law at all times relevant to this complaint.

## IV. FACTS

Plaintiff Frank Skinner while incarcerated at FCC Forrest City-Low Prison in 2015 started to have excruciating knee pain in his right knee. Frank Skinner submitted a sick-call form to health services, he was seen by medical staff and was told that he will be evaluated soon but in the meantime, the Plaintiff should go purchase and take some Ibuprofens sold at commissary to alleviate the pain.

From the time of waiting to be seen by Forrest City Health services or outside doctors the plaintiff also complain of joints, right hip, and lower back problems.  The Plaintiff has been dealing with these problems since 2015 and still until this day.

Plaintiff asked many times about having surgery and was told that staff can't disclose that information do to security reason. Plaintiff was told to be patient until they take him to have the surgery. The plaintiff complain over and over to no avail.  On or about 05/05/2021, the Plaintiff asked Defendant Stiles again about having surgery, which she stated that the Plaintiff never was to have surgery and she didn't know what the plaintiff was talking about. Defendant Stiles stated that the Plaintiff was lying about supposing to have surgery.

The Plaintiff ask her to look it up for herself to see that he was not lying. Defendant Stiles looked it up on her computer and seen that the Plaintiff was 5 years behind schedule of having surgery and ask why I didn't have surgery. The plaintiff stated "I can't take myself out to have surgery."  Defendant Stiles admitted that she had forgot and she have to start the process over again.

The plaintiff started his administrative remedy about the negligence that had taken place. The medical health services then tried to cover up their negligence by delaying the Plaintiff Administrative process By showing that on 05/25/2015, plaintiff submitted a sick call request seeking an appointment for his sore knee. Plaintiff was seen on 06/25/2015 at 14:22 EST, results showed plaintiff has an 8cm swelling on the right medial knee joint. Documented by Woodard, Sheila S. M.D.

4

Plaintiff was taking to an outside Orthopedic Doctor at Delta Medical Center of Memphis, TN on 06/17/2015 at 10:12, with the findings:

    i.    **Masses:** None.

    ii.    **Fluid Collections:** None.

    iii.    **Bones:** There is a large Osteochondroma arising from the Diametaphseal region of the right distal and right femur, projecting anterior and superior, displacing the Vastus Medialis muscle, creating a Pseudo mass. The patella appears displaced laterally. The bony structures appear normal otherwise.

    iv.    **Soft Tissues:** Displaced Vastus Medialis muscle causing a Pseudo mass. There is no soft tissue edema or cellulitis. Small knee joint effusion.

    v.    **Conclusion:** large Osteochondroma arising from the Diametaphseal region of the right distal and right femur creating a Pseudo mass with the Vastus Medialis muscle. Orthopedic consultation is suggested for further management if felt be clinically appropriate. Dictated by: James V. Ellis M.D. Approved by: David W. Peeler, M.D. on 07/14/2015 at 20:49, then on 11/17/2015 Plaintiff was informed by Forrest City Health Services that Plaintiffs Orthopedic Surgery has been reviewed by the Utilization Review Committee and was told that Plaintiff meet the medical criteria as determined by the URC and will be scheduled for surgery.

On 03/09/2016 Plaintiff submitted a sick-call form to medical for pain in unspecified joint, pain in right hip, and lower back pain. Plaintiff was taking back to the outside Orthopedic Doctor at Delta Medical Center of Memphis, TN on 06/07/2016 at 10:01, with the findings:

    i.    **Masses:** None.

    ii.    **Fluid Collections:** None.

    iii.    **Bones:** There is a well-defined Exostosis/Osteochondroma of the medial distal right femur arising from the diaphyseal metaphseal region, causing extrinsic compression and displacement of the overlying Vastus Medialis muscle. There is no visible soft tissue component.

    iv.    **Soft Tissues:** There is an oblique tear of the lateral meniscus from anterior horn to the body, with an associated multiseptated meniscal cyst. The medial meniscus, cruciate ligaments, collateral ligamentous structures all appear intact. Small knee joints effusion. Focal chondromalacia of patella lateral facet.

5

v. **Conclusion:** Nonaggressive appearing right Femoral Osteochondroma appearing unchanged. 2. Chronic lateral meniscal tear with an associated meniscal cyst. Focal Chondromalacia of patella lateral facet. Dictated by: James Ellis M.D. on 06/17/2016 at 22:14 Approved by: James Ellis on 06/17/2016 at 22:14

Plaintiff was scheduled for a call-out to see the medical Provider, Stiles, Rosemary N.P., which Stiles, Rosemary N.P. and Obi-Okoye, Nwannem M.D. had a review with the Plaintiff about his return from Dr. Sokoloff on 07/14/2015 and 07/12/2016, which Dr. Sokoloff recommended scheduling right knee scope and tumor excision with a Target Date of 11/10/2015 and 03/23/2016.

The Plaintiff attempted to file administrative remedies but was meet with resistance. As of 08/2022 Plaintiff was taking out to see a doctor and was told that he no longer need surgery and that I should have made the appointment that was schedule.

Being that plaintiff has been incarcerated since 2009, these would be no possible way for the plaintiff to make an appointment that the plaintiff has no control of nor has the means to orchestrate such transportation.

### V. DENIAL OF MEDICAL CARE

**BIVENS ACTION:**
**COUNT ONE: NEGLIGENCE:**

1. Plaintiff is alleging that Defendant Yates is acting with negligence in his promulgate procedures whereby the Federal Bureau of Prisons adequately, properly, and consistently ensure the proper medical procedures for the Plaintiff whom are currently incarcerated and living under deteriorating and/ or unconstitutional conditions.

As the Warden for the Federal Correctional Facility at Forrest City Complex, which is operated by the Federal Bureau of Prisons, under the Department of Justice of the United States of America has an obligation to ensure that the prison operate in accordance with the policies and proper procedures set forth under the laws of the United States and Federal Constitution. By virtue of this position, defendant also has an obligation to ensure that procedures are in place in order to prevent plaintiff from being subjected to unreasonable risk such as delay of surgery.

6

Plaintiff is being subjected to cruel and unusual punishment and various other constitutional violations as Plaintiff is being held in an institutional environments where Plaintiff being subjected to not receiving adequate care and or treatment.  In addition, being penalized for seeking medical assistance and reporting such misconduct, via administrative remedy.

The steps being taken by the Federal Bureau of Prison Forrest City-Low under the guidance and or direct instruction of Defendant Yates have been nothing  more than a series of constitutional violation and cruel and unusual punishment, subjecting Plaintiff to an unmeasurable amount of pain, suffering, mental – emotional stress, physical pain, and depression. The unknown long-term effects as a result of not having surgery.

As a result of Defendant Yates who failed to ensure reasonable medical treatment risk to plaintiff health or may have cause plaintiff serious harm.

While under the care of Defendants, Plaintiff has continuous and diligently complain about his knee problem which Plaintiff is currently suffering severe pain and will likely suffer long-term effects to his knee and health. The Defendant failure to give adequate medical treatment in accordance with the proper standard of care is a violation as provided for Plaintiff by Federal and Arkansas law.

2. Plaintiff is alleging that Defendant Tomar and Defendant Smith are acting with negligence in their promulgate procedures whereby the Federal Bureau of Prisons adequately, properly, and consistently ensure the proper medical procedures for the Plaintiff whom are currently incarcerated.

Defendant Tomar and Defendant Smith are The Prison Health Services Administrator at the Federal Correctional Facility at Forrest City-Low, which is operated by the Federal Bureau of Prisons, under the Department of Justice of the United States of America, acting with negligence in their duty to promulgate procedures where by Plaintiff can continue receiving adequate medical treatment in accordance with the Arkansas, and the laws of the United States pursuant to the United States Constitution.

As Health Services Administrator for the medical department at FCC Forrest City-Low, Defendant Tomar and Defendant Smith has an obligation to ensure that the medical department operates in accordance with Arkansas, and the laws of the United States Constitution. By virtue of this position Defendant Tomar and Defendant Smith has an obligation to establish and regulate the availability of all medical

7

procedures that would prevent Plaintiff from being subjected to unreasonable risk to his health, such as the pain and suffering he is now enduring due to the delay or halting of medical procedures as a result in the delay of surgery the Plaintiff cannot maintain his health.

The Plaintiff has been suffering from 2015 until now, with a large Osteochondroma arising from the Diametaphseal region of the right distal and right femur, projecting anterior and superior, displacing the Vastus Medialis muscle, creating a Pseudo mass. The patella appears displaced laterally and chronic lateral meniscal tear with an associated meniscal cyst.

This is a clear violation of Plaintiffs constitutional rights to receive adequate Medical Care while in the care of the Federal Bureau of Prisons. This makes defendant Tomar and Defendant Smith negligent in his position as Health Services Administrator, where he has a duty to ensure that the Health Services Department is operating in accordance with the policies and procedures of the laws of Arkansas and the United States.

3. Plaintiff is alleging that Defendant Obi-Okoye M.D. is acting with negligence/Medical Malpractice in her promulgate procedures whereby the Federal Bureau of Prisons adequately, properly, and consistently ensure the proper medical procedures for the Plaintiff whom are currently incarcerated.

Defendant Obi-Okoye is responsible for the ensuring proper administering of medical Care in order to prevent Plaintiff from being subjected to unreasonable risk to his health such as the ongoing pain and suffering being endured by Plaintiff as a result of the lack of treatment he has been subjected to for his serious knee injury.

Defendant Obi-Okoye is directly responsible for promulgating adequate treatment procedures for Plaintiff.

4. Plaintiff is alleging that Defendant Stiles  N.P. is acting with negligence/Medical Malpractice in her promulgate procedures whereby the Federal Bureau of Prisons adequately, properly, and consistently ensure the proper medical procedures for the Plaintiff whom are currently incarcerated.

Defendant Stiles is responsible for the ensuring proper administering of medical Care in order to prevent Plaintiff from being subjected to unreasonable risk to his health such as the ongoing pain and suffering

8

being endured by Plaintiff as a result of the lack of treatment he has been subjected to for his serious knee injury.

Defendant Stiles is directly responsible for promulgating adequate treatment procedures for Plaintiff. The defendant is responsible for Plaintiff to continue to enduring pain and suffering. In addition to Defendant Stile's negligence and deliberately indifferent actions regarding Plaintiffs treatment for knee surgery.

Plaintiff is alleging that Defendants  Unknown Captain and successor Edwin A. Baez are and at all times relevant to this litigation, is the acting Complex Captain for the Administration Department at FCC Forrest City-Low; located in Forrest City, Arkansas; which is operated by the Federal Bureau of Prisons, under the Department of Justice of the United States of America and has an obligation to ensure that the prison operate in accordance with the policies and proper procedures set forth under the laws of the United States and Federal Constitution. By virtue of this position, defendant also has an obligation to ensure that procedures are in place in order to prevent plaintiff from being subjected to unreasonable medical risk such as delay of surgery.

As a result of Defendants Unknown Captain and successor Edwin A. Baez has failed to ensure unreasonable risk to his health and causing serious harm.

Plaintiff is being subjected to cruel and unusual punishment and various other constitutional violations as Plaintiff is being held in an institutional environments where Plaintiff being subjected to not receiving adequate care and or treatment.

The steps being taken by the Federal Bureau of Prison Forrest City-Low under the guidance and or direct instruction of Defendant Unknown Captain and successor Edwin A. Baez has been nothing  more than a series of constitutional violation and cruel and unusual punishment, subjecting Plaintiff to an unmeasurable amount of pain, suffering, mental – emotional stress, physical pain, and depression. In addition the unknown long-term effects as a result of not having surgery.

**BIVENS ACTION:**
**COUNT TWO:  DELIBERATE INDIFFERENCE.**

5. Here plaintiff is alleging that all defendant John P. Yates, Edwin A. Baez, Tomar, T. Smith, Nwannem Obi-Okoye, and Rosemary Stiles are employed at Forrest City Federal Prison, is acting with Deliberate Indifference to his serious medical needs by failing to promulgate procedures whereby Plaintiff could receive an schedule adequate treatment to his serious knee injury in a timely manner and receive adequate treatment for adequate treatment.

As for Defendants John P. Yates and Edwin A. Baez are acting with Deliberate Indifference to Plaintiff medical needs by failing to promulgate procedures whereby Plaintiff could receive adequate treatment to his serious knee injury in timely manner and receive adequate treatment for delay or halting surgery.

As for Defendant Tomar, Smith, Obi-Okoye, and Stiles are acting with Deliberate Indifference.

Defendants has a professional obligation to ensure that the medical department operates in accordance with policies and procedures set forth pursuant to the laws of the United States.

Defendants is responsible for ensuring proper administering of Medical Care in order to prevent plaintiff from being subjecting to unreasonable risk to his health.

Plaintiff has submitted a sick-call form to medical health services in 2015 for his right knee and had an evaluation done, which conclude that Plaintiff needed surgery. Documented Evidence show that Plaintiff was approved and schedule for surgery to be done in 2016, yet no surgery ever occurred.

Plaintiff was never taking out to his schedule appointment that all named defendants was responsible for the Plaintiff to make a schedule appointment.

Now after the Plaintiff filed his administrative remedy, it was then when all defendants had reschedule Plaintiff to have an MRI on reported date 06/14/2021

**Noted date** of 02/15/2022 an evaluation was done by Forrest City health services by a new medical provider: Robins, Virginia FNP-BC, to discussed previous consult and MRI from 2021 with onsite, to be referred back to the Orthopedic Surgeon.  With the target date and scheduled date of 04/25/2022.

10

Reason for request: request for evaluation from orthopedic surgery. Inmate with history on knee pain. Inmate with MRI of right knee in 06/14/2021. Results with **"prominent multiseptated cystic lesion within the lateral joint compartment anteriorly which suspect communicates with a tear of the anterior horn of the lateral meniscus and represents a meniscal cyst."**

Plaintiff's treatment have been continually denied, delay, and or halted and now Plaintiff is being further denied treatment as a result of other medical condition like Plaintiffs history of Hypertension, EKG showing that Plaintiff chart showed (SR- septal infarct- Q. 40 ms in V2, Q/r>1/3 in V2 with slight intraventricular conduction delay- abnormal ECG- heart rate 70)

**Noted:** only change from last ECG on 2018 in **"intraventricular delay"** dated: 04/23/2021

**Note:** Forrest City Health Services ask the Plaintiff to exercise 40 minutes a day, which is not possible do to the Plaintiff on going knee pain.

6. All named Defendants have acted with Deliberate Indifference to Plaintiff's medical needs by depriving Plaintiff of **"necessary and adequate Medical Care"** and preventing Plaintiff from obtaining needed medical treatment and care,... Thereby endangering Plaintiff's health and well-being in violation of Plaintiff's constitutional rights.

All named Defendants are acting with a sufficiently culpable state of mind as all are aware of the imminent risk and has still failed to take necessary steps to abate or resolve this matter. All defendants acted with Deliberate Indifference to Plaintiff's health with their failure to promulgate or implement **"necessary and adequate medical care"** and or administer adequate medical procedures whereby, Plaintiff would not be subjected to substantial risk of serious harm and or be subjected to unnecessary risk to his safety, health, and well-being, if Plaintiff would had been given the decency of proper health care.

As a result all Defendants deliberately indifferent actions and breach of duty; specifically their negligent management of administering adequate medical care. Plaintiff is now enduring extreme pain and suffering as a direct result of the action of the defendants.

11

Defendants acted with a sufficiently culpable state of mind as all Defendants was aware of imminent risk to Plaintiffs health and safety and still failed to take the necessary steps to abate this matter.

**BIVENS ACTION:**
**COUNT 3: CRUEL AND UNUSUAL PUNISHMENT.**

Here plaintiff is alleging that all defendant Yates, Edwin A. Baez, Tomar, Smith, Obi-Okoye, and Stiles are employed at Forrest City Federal Prison, is subjecting Plaintiff with Cruel and Unusual Punishment by denying, delaying or depriving Plaintiff of the "minimal civilized measure of Basic Life Necessities." Specifically, adequate Medical Care.

Defendants has chosen to disregard the obvious risk to plaintiffs health by allowing his injured knee to go untreated for 6 years, as well as the risk to his health by not being able to exercise to keep his health in condition... Thereby endangering Plaintiffs health and well-being in violation of his Eighth Amendment Constitution of Rights.

Plaintiff alleges as Follow:

All named Defendants has failed in their duty to provide standard professionalism to provide adequate medical care or "minimal civilize measures of life's basic necessities" in the form of Adequate Medical Care.

All named Defendants has subjected Plaintiff to cruel and unusual punishment by denying and depriving plaintiff of "Necessary and Adequate Medical Care" and preventing plaintiff from obtaining needed medical treatment and care; Thereby endangering Plaintiff's health, safety, and well-being in violation of plaintiffs constitutional rights.

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The plaintiff has exhausted his administrative remedies with respect to all claims and all defendants.

12

## VII. CLAIMS FOR RELIEF

The action of defendants Yates, Baez, Tomar, Smith, Obi-Okoye, and Stiles in negligent management of administering adequate medical care, or in failing to intervene to prevent mismanagement that constitutes the "unnecessary and wanton infliction of pain"... and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

The failure of defendants Obi-Okoye and Stiles to provide for the follow-up examination and treatment of his right knee injury, and physical therapy for his knee, constitutes deliberate indifference to the plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

The failure of defendants Obi-Okoye and Stiles to provide for the follow-up examination and treatment of his right knee injury, and physical therapy for his knee, constitutes negligence to the plaintiff's serious medical needs in violation of the law of Arkansas.

The failure of defendants Tomar and Smith to provide the necessary medical assurance in order to provide adequate medical care, constitutes deliberate indifference to the plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution and the laws of Arkansas.

The failure of defendants Tomar and Smith to provide the necessary medical assurance in order to provide adequate medical care, constitutes negligence to the plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution and the laws of Arkansas.

The failure of the defendants Yates and Baez to provide need of prompt treatment and transported to an appropriate schedule, constitutes deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution and the laws of Arkansas.

The failure of the defendants Yates and Baez to provide need of prompt treatment and transported to an appropriate schedule, constitutes negligence to plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution and the laws of Arkansas.

13

## VIII. RELIEF REQUESTED

WHEREFORE, plaintiff requests that the court grant the following relief:

1. Plaintiff seeks compensatory and punitive damages in an amount to be proven and determined at trial.

2. Plaintiff reserves the right to amend this complaint and further plead. Wherefore, Plaintiff seeks an award of compensatory and punitive damages, and, or any other relief to which he is entitled by law.

**RETALIATION** from FCC Forrest City-Low Administrators and is therefore requesting immediate bail from prison and hereby demands a trial by jury.

I, Frank Skinner, declare under penalty of perjury that the foregoing is true and correct.

**Furthermore**, I request that the Court's Clerk serve all interested parties by electronic notice and serve me with a stamped and filed copy of this motion.

(Submitted on this, 23rd Day of January, 2023)

Respectfully submitted,

Frank Skinner #234556-076
FCC Forrest City (Low)
P.O. Box 9000
Forrest City AR, 72336-9000

## NOTICE OF SERVICE

**Furthermore**, I certify that this instant "Motion" was placed in the prisons internal mail system, postage for service upon this Court via U.S Mail on this 23rd Day of January, 2023.

14

FRANK SKINNER #23455-076

FCC FORREST CITY (LOW)

P.O. BOX 9000

FORREST CITY, AR 72336